

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Darris Altony Newsome,                    )
    Petitioner,                           )
                                          )
v.                                        )          **1:15cv337 (LO/MSN)**
                                          )
Harold Clarke,                            )
    Respondent.                           )

MEMORANDUM OPINION

Darris Altony Newsome, a Virginia inmate proceeding pro se, filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions

entered in the Circuit Court for the City of Hampton, Virginia.   On August 20, 2015, respondent

filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief.   Dkt. Nos. 14,

15, 16.   Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response.   Dkt. No. 20.   Accordingly,

this matter is now ripe for disposition.   For the reasons that follow, respondent's Motion to

Dismiss must be granted, and the petition must be dismissed.

### I. Background

Following a jury trial, petitioner was found guilty of two counts of rape in the Circuit Court

for the City of Hampton on October 4, 2012.   The victim in both cases was C.S-F., the daughter of

petitioner's friend.   The trial court imposed a 16-year[1] sentence on January 14, 2013.   Case Nos.

CR10M01010-04 & CR10M01010-06.

Petitioner appealed to the Court of Appeals of Virginia, which refused his petition on

---

[1] The Supreme Court of Virginia Order dated January 6, 2015 states that petitioner's sentence was eight (8) years.
Rec. No. 141223.   Petitioner was sentenced consecutively to two (2) such terms, totaling a 16-year sentence for the
two counts of rape.

August 13, 2013.   Rec. No. 0727-13-1.   The Court of Appeals describes the underlying facts as

follows:

> [T]he evidence proved that in 1988 the victim was eleven years old and appellant
> was the victim's mother's boyfriend.   In 1988, the victim lived in the Cherry Acres
> neighborhood.   The victim testified appellant initially kissed her and showed her
> his penis.   The victim testified appellant entered her bedroom at night, rubbed her
> legs, and inserted his penis into her vagina.   The victim testified appellant also
> inserted his penis into her vagina when she lived on Victoria Boulevard in 1991.
> The victim testified after the 1991 incident, she told her mother and a guidance
> counselor, and a police officer investigated, but her mother dropped the charge.
> The victim testified her mother told her to block the bedroom door with a stereo.
> The victim testified she also told her friend, T.S., about the sexual abuse.   The
> victim testified Detective Randy Mayer contacted her in 2010.     During
> cross-examination, appellant pointed out inconsistencies in the victim's testimony
> with statements she gave to the police in 2010 and her preliminary hearing
> testimony.   According to the 2010 police report, the incidents occurred in 1990
> and 1991 while she was living on Victoria Boulevard.
>
> T.S. testified she knew the victim when they were in middle school and the victim
> told her that appellant was molesting her.   Dr. Viola Vaughan-Eden, a specialist in
> the field of children's responsive behaviors to sexual abuse, testified it was normal
> for a child to delay reporting incidents of sexual abuse, there would be a
> catastrophic loss of self-esteem if a mother ignored a child's report of sexual abuse,
> and inconsistencies in details were normal when it was a number of years since the
> sexual abuse occurred, but an individual would remember that the sexual abuse
> occurred.

Va. Ct. of App., Aug. 13, 2013 Order at 3-4.   The Supreme Court of Virginia refused petitioner's

subsequent petition for appeal on January 24, 2014.   Rec. No. 131406.

Subsequent to the direct appeal, the Supreme Court of Virginia received petitioner's state

habeas petition[2] on August 14, 2014, in which he claimed:

(1) The trial court erred in denying his motion to set aside the verdict.
(2) Petitioner was denied the effective assistance of counsel:
> (a) because counsel failed to investigate petitioner's claim that he was
> incarcerated at the time he was alleged to have raped the victim.
> (b) because counsel operated under a prejudicial conflict of interest.

---

[2] The habeas petition contained claims pertaining to petitioner's 2011 convictions in the Circuit Court for the City of
Hampton for rape and sexual abuse of a child in custodial relationship, and object sexual penetration, which involved
another child.   The Supreme Court of Virginia held petitioner's challenge to the 2011 convictions was time-barred by
Virginia Code § 8.01-654(A)(2).   Petitioner has another petition for a writ of habeas corpus, pursuant to 28 U.S.C. §
2254, pending in this Court regarding those particular convictions.   See Case No. 1:15cv449 (LO/TCB).

> (c) because counsel failed to impeach the victim.
> (3) Petitioner was the victim of prosecutorial misconduct:
>> (a) because prosecutor knowingly used the victim's perjured testimony.
>> (b) because the prosecutor improperly moved to nolle prosequi four indictments and to amend the offense dates in the remaining two indictments for rape.

The Supreme Court of Virginia dismissed the petition on January 6, 2015, holding that the claims of trial court error were barred by Henry v. Warden, 576 S.E.2d 495, 496 (Va. 2003) or Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1984), and the ineffective assistance of counsel claims failed to satisfy the standard set out in Strickland v. Washington, 466 U.S. 668 (1984).   The Supreme Court of Virginia dismissed petitioner's petition for rehearing on April 23, 2015 because it was not timely filed.   Rec. No. 141223.

Petitioner timely filed his federal petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court.   In his petition, he makes allegations of ineffective assistance of counsel, which are summarized as:

> (A) Trial counsel failed to investigate and file a notice of alibi.
>
> (B) Counsel did not fully investigate the victim-witness and did not challenge her testimony as being inherently incredible.
>
> (C) Counsel did not object to the Commonwealth's nolle prosequi of four charges and to amending the indictments regarding the dates of the offenses, and thus counsel operated under a conflict of interest.
>
> (D) Counsel failed to challenge the Commonwealth's expert witness.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court.   Failure to exhaust all claims requires dismissal of the complaint to allow the petitioner to first present his claims to the appropriate state courts.   See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973).   To comply with the exhaustion requirement, a state prisoner

"must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner must first have presented the same factual and legal claims raised in his federal petition to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

To the extent a claim has been exhausted through presentment to the state courts, it must have asserted a clear, cognizable federal law ground upon which a federal court may subsequently be able to properly exercise jurisdiction. The federal claims must have been presented "face up and clearly" to the state courts in order to be properly exhausted. Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994); see also Duncan, 513 U.S at 365-66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.).

### III. Procedural Default

Where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Harris, 489 U.S. at 260-63. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

4

If it is clear that a claim asserted in federal habeas review has never been raised in state court, but would presently be deemed procedurally defaulted under clearly established, regularly enforced state law, then, absent a showing of cause and for the default and prejudice arising from the claim, that claim must be deemed simultaneously exhausted and procedurally defaulted in federal habeas review.   Gray v. Netherland, 518 U.S. 152, 161-62 (1996).

      i. Claim D

In Claim D, petitioner alleges that defense counsel failed to challenge the Commonwealth's expert witness.   Specifically, petitioner claims that the expert testified "outside her area of expertise . . . resulting in petitioner receiving a [sic] unfair trial."   See Dkt. No. 1, Mem. at 17.   Petitioner has not previously raised this claim before the Supreme Court of Virginia, and it would be rejected as untimely if now presented to Virginia's highest court.   Va. Code § 8.01-654(A)(2).   It would also be barred as successive under Va. Code § 8.01-654(B)(2); thus, Claim D is now exhausted and defaulted for purposes of federal habeas review.   See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).   Petitioner has failed to overcome the state default by establishing cause and prejudice or a fundamental miscarriage of justice.   Thus, this Court will not review Claim D on the merits, and it must be dismissed.

## IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial.   28 U.S.C. § 2254(d)(1)-(2).   This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits.   Burt v. Titlow, 134 S. Ct. 10, 16 (2013).   Under this standard, for a

state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard.  See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts."  Id. at 413.  When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision.  See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 413.  Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error.  Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  In addition, a federal court should review the state court determination with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard.  See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted).  A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'"  Miller-El v. Dretke, 545 U.S.

231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### i. Ineffective Assistance of Counsel Standard

To prevail on an ineffective assistance of counsel claim, petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 695 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). In addition, as deficient performance and prejudice constitute "separate and distinct elements," Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994), a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697; see also Bell, 535 U.S. at 695 (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand.").

### V. Merits Analysis

### i. Claim A

In Claim A, petitioner alleges that trial counsel should have pursued an alibi defense. The

Supreme Court of Virginia determined that the record plainly refutes this claim.  See Va. S. Ct.,
Jan. 6, 2015 Order at 3-4.   The indictments stated that one rape occurred between January 1, 1988
and December 31, 1988, and that the second rape occurred between July 15, 1991 and October 15,
1991.   Petitioner claims he was incarcerated during those time periods and thus could not have
raped the victim during this time.   However, during trial the victim actually testified that the lapse
in time between the two rapes occurred because petitioner "went to jail."   Tr. at 100.
Additionally, according to information from the Virginia Department of Corrections, which
petitioner attached to his federal habeas petition as Exhibit 4, he was incarcerated from February 2,
1989 through July 15, 1991, when he was released on parole.   Dkt. No. 1, Ex. 4.   Petitioner was
then re-incarcerated on July 10, 1992.   Because petitioner was not incarcerated in 1988 and 1991
when the two rapes occurred, counsel had no grounds for pursuing an alibi defense and cannot be
found ineffective for failing to do so.

As the Supreme Court of Virginia explained, Claim A is therefore baseless and satisfies
neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland.
The Supreme Court of Virginia reasonably interpreted the facts of this claim and properly applied
Strickland, and its ruling is entitled to deference by this Court.   See 28 U.S.C. § 2254(d).

ii. Claim B

In Claim B, petitioner alleges trial counsel did not fully investigate the victim-witness and
did not challenge her testimony as being inherently incredible.   To the extent this claim is the
same as petitioner's state court claim that counsel failed to impeach the victim, the state habeas
court held that claim failed under Strickland, and that ruling is entitled to deference under 28
U.S.C. § 2254(d).   The state habeas court noted that, "The record, including the trial transcript,
demonstrates that counsel did cross-examine the victim about these inconsistencies.   Petitioner

fails to articulate what more counsel could have done to impeach the victim.  Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for the counsel's alleged errors, the result of the proceeding would have been different."   Va. S. Ct., Jan. 6, 2015 Order at 5.

The fact that the charges were not pursued in 1991 when the complaint was first made, and that the victim gave inconsistent testimony on some aspects of the crimes, does not mean, given all evidence in this case, that the victim was incredible.   A federal habeas court may not reanalyze and re-determine the credibility of witnesses.   See Maggio v. Fulford, 462 U.S. 111, 118 (1983). Additionally, the trial court record clearly demonstrates that counsel did in fact cross-examine the witness on the inconsistencies in her testimony.   See Tr. at 111-131.   Thus, the petitioner has not established deficient performance of trial counsel under Strickland.

Petitioner has also failed to demonstrate prejudice under Strickland.   Petitioner speculates that, but for counsel's alleged errors, he would not have been convicted; however, speculation does not establish prejudice.   Burger v. Kemp, 483 U.S. 776, 784-85 (1987).   Petitioner's counsel challenged the victim's credibility at trial, but the jury decided otherwise.   Petitioner's counsel again challenged the victim's credibility on appeal, and both Virginia state appellate courts properly rejected petitioner's argument that the victim's testimony was insufficient to sustain his convictions.   Va. Ct. of App., Aug. 13, 2013 Order at 4 ("Based upon a review of the record, the trial judge did not err in determining that the victim's testimony was no[t] inherently incredible and in denying appellant's motion to set aside the jury's verdict.").

Counsel is given wide latitude in making tactical decisions, and counsel's performance is presumed to be reasonable and should not be second-guessed by the habeas court.   Strickland, 466 U.S. at 689.   That the petitioner believes the case should have been handled differently, or

that another attorney might have handled the situation differently, does not constitute ineffective assistance of counsel.  Id. (mentioning that two attorneys are not likely to handle a case exactly the same).  Thus, the Supreme Court of Virginia reasonably interpreted the facts of this claim and properly applied Strickland, and its ruling is entitled to deference by this Court.  See 28 U.S.C. § 2254(d).

### iii. Claim C

Petitioner alleges that counsel did not object to the Commonwealth's nolle prosequi of four charges (one count of rape and three counts of indecent liberties with a minor) and to amending the indictments regarding the dates of the offenses, and thus that counsel operated under a conflict of interest.  Claim C fails under Strickland.  Petitioner has not stated on what grounds counsel should have objected, and unsupported, conclusory allegations never entitle a petitioner to habeas relief.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992).  Petitioner has failed to show prejudice because he has not established that his attorney's ability to fairly represent him was compromised in any way.  Cuyler v. Sullivan, 446 U.S. 335, 356 n.3 (1980).

The state habeas court held that petitioner's general conflict of interest claim lacked merit pursuant to Mickens v. Taylor, 535 U.S. 162, 172 (2002), and that ruling is entitled to deference under 28 U.S.C. § 2254(d).  See Va. S. Ct. Order, Jan. 6, 2015 at 4.  Petitioner has failed to establish an actual conflict of interest under Mickens.  See generally Mickens, 535 U.S. at 174-76 (holding that in order to demonstrate a Sixth Amendment violation, it is incumbent upon the defendant to prove that he has been prejudiced by his counsel's performance).  The fact that the outcome of petitioner's trial was unfavorable to him does not mean his counsel had a conflict of interest.  The Supreme Court of Virginia reasonably interpreted the facts of this claim and properly applied Mickens and Strickland, and its ruling is entitled to deference by this Court.  See

28 U.S.C. § 2254(d).

## VI. Conclusion

For the above stated reasons, this petition will be dismissed, with prejudice.   An

appropriate Order shall issue.

Entered this _____ day of _____ 2016.

Alexandria, Virginia                                  /s/ _____
                                          Liam O'Grady
                                          United States District Judge